UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| *In Re:* | ) | |
| | ) | Bankruptcy Court No. 02-10321 |
| DIANNA BLAIR TORBETT, | ) | *(Chapter 7)* |
| | ) | Adv. Pro. No. 03-1116 |
| *Debtor*. | ) | *Judge Cook* |
| _____ | | |
| JERRY FARINASH, TRUSTEE, | ) | |
| | ) | |
| *Plaintiff / Appellee*, | ) | |
| v. | ) | District Court No. 1:04-cv-344 |
| | ) | *Judge Edgar* |
| CHARLES STEVEN SCHIEVELHUD, | ) | |
| | ) | |
| *Defendant / Appellant.* | ) | |

### MEMORANDUM AND ORDER

On November 29, 2005, this Court entered an amended judgment. [Court Doc. No. 32]. Appellant Charles Steven Schievelhud filed a *pro se* motion for reconsideration on January 23, 2006. [Court Doc. No. 35]. Appellant Schievelhud does not cite any specific rule of procedure that he contends authorizes this Court to grant him relief on the motion for reconsideration.

The Federal Rules of Civil Procedure do not explicitly provide for a "motion for reconsideration." A motion for reconsideration that is filed within ten days of entry of the judgment is usually construed and treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that a motion to alter or

amend judgment shall be filed no later than ten days after entry of the judgment. The ten-day time limit is strictly enforced and cannot be enlarged by the Court. The Court does not have the authority and discretion to grant an extension of time to make a motion under Rule 59(e). Fed. R. Civ. P. 6(b); *FHC Equities, L.L.C. v. MBL Life Assur. Corp.,* 188 F.3d 678, 682 (6th Cir. 1999); *Parker v. Wilkinson*, 182 F.3d 918 (Table, text in 1999 WL 435150 (6th Cir. June 17, 1999)); *Rhoden v. Campbell,* 153 F.3d 773 (6th Cir. 1998); *Denley v. Shearson/American Express, Inc.*, 733 F.2d 39, 41 (6th Cir. 1984). In the instant case, the Court cannot consider the belated motion for reconsideration as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) because appellant Schievelhud did not file his motion for reconsideration within ten days of entry of the judgment.

The Court will treat the motion for reconsideration as a motion made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. If a motion for reconsideration is filed more than ten days after entry of the judgment, it is ordinarily construed and treated as a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *McManus v. St. Joseph Hospital Corp.,* 79 Fed. Appx. 170, 171 (6th Cir. Oct. 24, 2003); *White-Bey v. McMeekin*, 198 F.3d 248 (Table, text in 1999 WL 1045106) (6th Cir. Nov. 10, 1999)); *Parker*, 1999 WL 435150; *Peake v. First National Bank and Trust Co.*, 717 F.2d 1016, 1019-20 (6th Cir. 1983).

After reviewing the record, the Court is satisfied that its judgment in this bankruptcy appeal is entirely correct. The motion for reconsideration and the arguments presented by

appellant Schievelhud are frivolous. The Court concludes that appellant Schievelhud has not met his burden of showing that he is entitled to relief under any subsection of Rule 60(b).

Accordingly, the appellant's motion for reconsideration [Court Doc. No. 35], which is treated as motion for relief from judgment under Fed. R. Civ. P. 60(b), is **DENIED**.

SO ORDERED.

ENTER this *27th day of January, 2006*.

                                           */s/ R. Allan Edgar*
                                           R. ALLAN EDGAR
                                      UNITED STATES DISTRICT JUDGE